PAUL M. WARNER, United States Attorney (#3389)
ERIC A. OVERBY, Assistant United States Attorney (#7761)
Office of the United States Attorney
185 South State Street, Suite #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Eric.Overby@usdoj.gov

Attorneys for the United States of America

FILED
... DISTRICT COURT
25 SEP 03 PM 3:59
DISTRICT OF UTAH
BY:_____

## IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
## CENTRAL DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,

Defendant.

Judge Tena Campbell
DECK TYPE: Civil
DATE STAMP: 09/25/2003 @ 16:02:39
CASE NUMBER: 2:03CV00843 TC

## ORIGINAL COMPLAINT

The plaintiff, the United States of America, files this Original Complaint against defendant Union Pacific Railroad Company ("UP"), and states as follows:

1. This is a civil action to recover monetary damages incurred by the United States in suppressing the August 15, 2002 fire at railroad milepost #679 near Gibson's/Champlin Point in Juab County, Utah (referred to as the "Late Fire.").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(1), (2), and (3).

## PARTIES

4. Plaintiff is the United States of America. As sovereign, the United States owns lands within the State of Utah that it is responsible for protecting.

5. Defendant UP is a corporation organized under Delaware law, and doing business in Utah.

## BACKGROUND ON UP's RAILROAD OPERATIONS

6. UP operates and maintains railroad track and railroad trains throughout the State of Utah on a right of way granted by the United States.

7. UP's failure to property operate and maintain its railroad tracks, railroad trains, and right of way have previously caused the ignition of wildfires in its right of way.

8. These wildfires endanger the safety of the public, and damage or destroy personal and real property owned by others, including private citizens and the United States.

9. These wildfires also require the expenditure of public funds to suppress the fires and rehabilitate public and private lands.

10. UP is responsible for maintaining its right of way in a condition to avoid igniting wildfires that endanger the public and threaten personal and real property owned by the United States and others.

11. UP is responsible for maintaining and operating its railroad track and railroad trains to avoid igniting wildfires that endanger the public and threaten personal and real property owned by the United States and others.

## THE LATE FIRE

12. On August 15, 2002, a UP train started a wildfire in the UP right of way near railroad

mile marker #679 in Juab County, State of Utah (the "Late Fire").

13. UP train operating employees told the UP dispatch center that the UP train had started a wildfire in the right of way.

14. The United States is informed and believes, and on that basis alleges, that the train cast off hot carbon or other hot material and ignited the Late Fire within the UP right of way.

15. The Late Fire spread from the UP right of way to adjacent privately-owned and federally-owned land.

16. The United States is informed and believes, and on that basis alleges, that UP could have maintained the right of way and controlled vegetation to avoid igniting the Late Fire and endangering the public and threatening personal and real property owned by others, including the United States.

17. The United States is informed and believes, and on that basis alleges, that UP could have maintained and operated its railroad track and railroad trains to avoid igniting the Late Fire and endangering the public and threatening personal and real property owned by others, including the United States, including, but not limited to using state-of-the-art technology in internal combustion engine operations, wheel and brake technology, fire or "hot spot" detection technology, and self-contained fire prevention/suppression technology.

18. The Late Fire ultimately burned approximately 376 acres of land.

19. As a result of the fire, the United States sustained damages, including approximately $21,165.51 in fire suppression costs.

3

## COUNT ONE

### (Common law negligence - right of way maintenance)

20. The United States reasserts all allegations previously made.

21. UP has a duty to property owners, including the United States, to maintain UP's right of way in a condition to protect property owners from wildfires caused by UP's train operation.

22. UP breached its duty to property owners, including the United States, by failing to maintain UP's right of way, including controlling vegetation, in a condition to protect property owners from wildfires caused by UP's train operation.

23. As a direct, proximate, and legal cause of UP's breach of this duty, the Late Fire started and spread to adjacent property owned by others, including the United States, and required reasonable suppression efforts by the United States to minimize the harm caused by the Late Fire.

## COUNT TWO

### (Common law negligence - train operations)

24. The United States reasserts all allegations previously made.

25. UP has a duty to maintain and operate its railroad track and railroad trains in a condition and manner to protect property owners, including the United States, from the start of wildfires.

26. UP breached its duty to property owners, including the United States, by failing to maintain and operate its railroad track and railroad trains in a condition and manner to prevent the start of wildfires.

27. As a direct, proximate, and legal cause of UP's breach of this duty, the Late fire was started and required reasonable suppression efforts by the United States to minimize the harm caused by the Late Fire.

## COUNT THREE

### (Statutory liability for spread of fires - Utah Code Ann. 65A-3-4)

28. The United States reasserts all allegations previously made.

29. UP is responsible for the existence and spread of the wildland fire known as the Late Fire, necessitating suppression action.

30. Pursuant to Utah Code Ann. 65A-3-4, UP is responsible for the costs of the suppression action.

## COUNT FOUR

### (Common law liability - *res ipsa loquitur*)

31. The United States reasserts all allegations previously made.

32. The Late Fire caused by the UP train would not, in the ordinary course of events, have occurred had UP used due care.

33. UP had exclusive management and control of the right of way, track and railroad train operations that caused the wildfire and the spread of the wildfire to adjacent property owners, including the United States.

34. The Late Fire occurred irrespective of any actions of the plaintiff, the United States.

35. A jury could, therefore, logically conclude that the Late Fire was probably caused by UP's negligence, and award the United States its costs of suppression against UP.

## CLAIM FOR RELIEF

36. As a direct, proximate, and legal cause of UP's breach of duty, the United States has been damaged in the amount of $21,165.51 in fire suppression costs ("Fire Suppression Costs").

37. The Fire Suppression Costs is a debt UP owes to the United States.

38. Payment of the Fire Suppression Costs was demanded by letter dated December 18, 2002 (the "Demand Letter"). The Demand letter explained that the debt was subject to interest, administrative costs, and penalties under 31 U.S.C. § 3717. UP has failed to pay the debt, and the debt is delinquent within the meaning of 4 C.F.R. § 101.2.

39. Pursuant to 31 U.S.C. § 3717 and 4 C.F.R. § 102.13, the United States is entitled to recover pre-judgment interest running from the date of the Demand Letter, administrative costs, and penalties from UP in an amount to be proved.

WHEREFORE, the United States prays for judgment as follows:

a    Damages according to proof;

b    Pre-judgment interest, administrative costs, and penalties pursuant to 31 U.S.C. § 3717 and 4 C.F.R. § 102.13 according to proof;

c    Post-judgment interest;

d    Costs of suit; and

e    Such other and further relief as the Court may deem just and proper.

DATED: September 25, 2003

PAUL M. WARNER,
United States Attorney

*[signature: Eric A. Overby]*

Eric A. Overby
Assistant United States Attorney

DATED:   September 25, 2003

PAUL M. WARNER,
United States Attorney

*Eric A. Overby* (signature)

Eric A. Overby
Assistant United States Attorney